133 F.3d 925
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bobby J. BUCKLEY, Petitioner-Appellant,
v.
Robert G. BORG, Respondent-Appellee.
 No. 97-15225.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 16, 1998.
 
 Before BROWNING, PREGERSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORNADUM*
 
 
 2
 Bobby Joe Buckley appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] We affirm.
 
 
 3
 First, we find that the prosecutor's use of peremptory challenges against three African-American members of the venire does not violate Batson v. Kentucky, 476 U.S. 79 (1986). The state trial court found that the prosecutor's reasons for striking Myrtle Jones and Fannie Alexander were race-neutral and that Buckley had failed to prove purposeful racial-discrimination. See Purkett v. Elem, 514 U.S. 765, 767-68 (1995). A prosecutor may exercise a peremptory challenge based on subjective factors such as "tone, demeanor, facial expression, [and] emphasis." Burks v. Borg, 27 F.3d 1424, 1429 (9th Cir.1994). We defer to the state trial court's finding of no purposeful discrimination because "the judge is presumed to have presided over jury selection and to have had the benefit of observing the conduct of voir dire." Turner v. Marshall, 121 F.3d 1248, 1254 n. 2 (9th Cir.1997).
 
 
 4
 The prosecutor's strike of Stephanie Hawthorne Redd, a 22-year-old African-American woman, and his failure to strike Sonja Gilstrap, a 23-year-old white woman whom he had promised to strike, is more troubling. Buckley, however, failed to object or renew his motion for a mistrial under California v. Wheeler, 22 Cal.3d 258, 583 P.2d 748 (1978), when Gilstrap was empaneled on the jury. We cannot now speculate on what reasons the prosecutor would have offered for failing to strike Gilstrap. Any race-neutral reason given must be clear and reasonably specific but need not be persuasive or even plausible. Purkett, 514 U.S. at 768. It would then be left to the state trial court to assess the prosecutor's credibility in offering that race-neutral reason. We simply cannot assume that the prosecutor would have been unable to offer a race-neutral reason for failing to strike Gilstrap or that the state trial court would have found that Buckley had proved purposeful racial discrimination.
 
 
 5
 Moreover, we note that four African-Americans, including two women, were empaneled on the jury that convicted Buckley. See Burks, 27 F.3d at 1429. This is an important-and relevant factor in our review of the state court's finding of no purposeful racial discrimination. See 28 U.S.C. § 2254(d)(8).
 
 
 6
 Second, we reject Buckley's argument that due process requires a period of time longer than 4-5 seconds to premeditate and deliberate a killing. No court has engaged in drawing a bright-line rule in terms of time as a matter of constitutional principle. California law sufficiently distinguishes first degree intentional murder from second degree intentional murder based on the quality of reflection. See Cal.Penal Code § 189. Therefore, California did not convict Buckley on an unconstitutional theory.
 
 
 7
 Also, we find that, in viewing the evidence in the light most favorable to the prosecution, the evidence was sufficient to allow the jury to find the essential elements of first degree murder. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 8
 Third, we find that the jury's "experiment" with the victim's raid jacket does not violate Buckley's constitutional rights to a fair trial. See Marino v. Vasquez, 812 F.2d 499, 504-05 (9th Cir.1987). The jury did not use or consider extrinsic evidence but carefully examined evidence admitted at trial. See United States v. Rincon, 28 F.3d 921, 926 (9th Cir.1994).
 
 
 9
 Finally, we hold there was sufficient evidence to allow the jury to find the special circumstance allegation to be true that the victim, a peace officer, was acting lawfully at the time of the killing. See Cal.Penal Code § 190.2(a)(7). The Fourth Amendment does not apply when a suspect flees an attempted seizure or does not yield to a show of authority. California v. Hodari D., 499 U.S. 621, 625-26 (1991).[2] Moreover, the victim's attempted detention of Buckley was supported by reasonable suspicion. See Terry v. Ohio, 392 U.S. 1, 30 (1968).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Antiterrorism and Effective Death Penalty Act of 1996 does not apply to this habeas petition because it was filed before the Act became law. See Lindh v. Murphy, 117 S.Ct. 2059, 2063 (1997)
 
 
 [2]
 Hodari D. was decided after Buckley's trial; however, the nonretroactivity rule of Teague v. Lane, 489 U.S. 288, 316 (1989), does not entitle a habeas petitioner to object to the application of a new rule to an old case. Lockhart v. Fretwell, 506 U.S. 364, 372-73 (1993)